UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JAMES HANSON PHILLIPS      CIVIL ACTION NO. 3:15-cv-1447

VS.      SECTION P

     JUDGE ROBERT G. JAMES

SHERIFF JERRY PHILLEY, ET AL.      MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff James H. Phillips, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on April 28, 2015.  Plaintiff is a detainee who is incarcerated at the Richland Parish Detention Center (RPDC); he is awaiting trial on theft charges pending in Madison Parish, and possession of stolen property charges pending in West Carroll Parish.

He sued West Carroll Parish Sheriff Jerry Philley and FBI Agent Bill Chesser seeking his release from custody and compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

On August 16, 2013, plaintiff was arrested on a warrant charging theft of a motor vehicle issued by Madison Parish; he was placed in the custody of Sheriff Philley in West Carroll Parish. Plaintiff claimed Philley "committed the crime of negligence and deprivation" when he failed to

transfer him to Madison Parish within the 10 day time limit provided by La. C.Cr.P. art. 207. He also claimed that Philley deprived him of his right to a prompt probable cause determination before a judge. He claimed that he has yet to be booked or finger printed or provided a 72 hour probable cause hearing or an arraignment on the Madison Parish charges.  He also claims that counsel has not been appointed.

Thereafter, on August 20, 2013, plaintiff was arrested and charged with illegal possession of stolen property in West Carroll Parish.  According to plaintiff, he was not promptly taken before a judge for a probable cause determination; nor was counsel appointed to represent him on these charges.  Plaintiff, however, was taken before a judge on August 27, 2013.

Meanwhile, while plaintiff was in Philley's custody, FBI Agent Chesser, accompanied by Sheriff Philley,  "... moved [him] out of the West Carroll Jail without proper authorization and transferred [him] across three parish lines (West Carroll Parish, Morehouse Parish, and Ouachita Parish) ... from Louisiana to Mississippi..." According to plaintiff, he did not give his consent to be so transported by Chesser and Philley. Plaintiff claimed that Philley and Chesser violated his rights when they failed to comply with the Louisiana and federal statutes concerning extradition. According to plaintiff he was not wanted in Mississippi and the defendants transported him there solely to harass him.

On August 21, 2013, plaintiff was taken to Greenville, Mississippi, by Chesser "without legal verification or consent." On August 26, 2013, plaintiff was taken to Monroe, Louisiana, by Chesser where pictures were taken on "Ms. Sue's property." He implied that what transpired thereafter was an illegal search.

Plaintiff concluded by implying that as a result of this unlawful activity, he was coerced

into making an inculpatory statement in violation of his right to counsel.

### Law and Analysis

#### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

#### 2. Habeas Corpus

 Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983 and *Bivens*, it appears that in addition to money damages he seeks to obtain the dismissal of the pending charges and his immediate release from custody.  Thus, to the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his

immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

### 3. Heck v. Humphrey

Plaintiff contends that he was and remains confined in violation of Louisiana and Federal law. Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

Plaintiff is confined because he was arrested on warrants charging him with two felony offenses – theft of a motor vehicle and possession of stolen property –  and he has been unable to make bail.  In other words, the grounds supporting plaintiff's confinement have not yet been successfully challenged; and since a finding by this court in his favor would necessarily imply the

4

invalidity of both his past and present confinement, *Heck* bars any claim for monetary damages which implies the invalidity of the orders supporting his confinement.[1]  As such, his claims for damages are frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

---

[1] It should be noted that plaintiff does not assert a false arrest claim; he does not allege that he stands falsely accused and therefore falsely imprisoned due to his <u>innocence</u> of the charges that have been filed against him. Were that the case, he would be entitled to request a stay of these proceedings pending the outcome of his criminal trials, because *Heck* does not extend to cases where a plaintiff files a civil rights action challenging his arrest before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); see also *DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir.2007) (noting that the Supreme Court in *Wallace* refused to extend Heck's application to <u>pending</u> criminal matters).

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, May 28, 2015.


**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

6